**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3841-16T1

TBF FINANCIAL, LLC,

    Plaintiff-Respondent,

v.

ROBERT PICCIANO,

    Defendant/Third-Party
    Plaintiff-Appellant,

v.

STRATEGIC PRODUCTS AND SERVICES,
INC. and PIERRE GUZMAN,

    Third-Party Defendants-
    Respondents.

_____

        Submitted April 18, 2018 — Decided  June 20, 2018

        Before Judges Currier and Geiger.

        On appeal from Superior Court of New Jersey,
        Law Division, Essex County, Docket No. L-7676-
        15.

        Kipp & Allen, LLP, attorneys for appellant
        (Richard J. Allen, Jr., on the briefs).

        Drinker Biddle & Reath, LLP, attorneys for
        respondents Strategic Products and Services,

Inc. and Pierre Guzman (Frank F. Velocci, on the brief).

PER CURIAM

Defendant/third-party plaintiff Robert Picciano appeals from the March 31, 2017 order dismissing the third-party complaint and entering judgment against him after a bench trial. We affirm.

Picciano had a lease agreement with plaintiff TBF Financial for an office telephone system (TBF agreement). During the term of that lease, the service contract for that system came up for renewal, although the lease agreement remained in effect. Instead of renewing the service contract, Picciano opted to enter into a new lease agreement with third-party defendant Strategic Products and Services (SPS) for the installation and servicing of a new telephone system.

Although Picciano conceded he was aware of his continuing obligation under the TBF lease, he testified he believed SPS was going to either remove the old phones or provide a shipping label for their return.[1] As to the TBF agreement, Picciano testified:

> Mr. Guzman[2] never mentioned to me what was going to happen to the old lease. Uh, that topic never came up. I did assume that the

---

[1] Although SPS provided information to Picciano advising how to return the phones, Picciano did not comply and instead put the old phones in a supply closet at his office.

[2] Third-party defendant Pierre Guzman was the SPS representative involved in this transaction.

 A-3841-16T1

old lease was going away because we were
getting a new lease and there would obviously
be no reason for me to have a second phone
system, and certainly not to pay for one.

Picciano believed the new lease would replace the TBF agreement.

Guzman testified he was the account executive for SPS who handled the sale of the telephone system to Picciano. He denied Picciano or anyone else from his office ever mentioning a pre-existing lease to him. He stated all of his dealings and conversations were with Picciano's office manager. It was not until after the close of the transaction and installation of the system that Picciano spoke to him directly asking about the TBF agreement.

Guzman said he was surprised when Picciano mentioned he still had an obligation under a pre-existing lease. Guzman advised he would not have been able to offer the particular promotion to Picciano if there were still an existing lease, as Picciano was not eligible for the trade-up program if he did not own his equipment. He confirmed information was sent to Picciano for the return of the old phones.

After Picciano stopped making payments towards the TBF agreement, plaintiff filed suit for breach of contract, seeking recovery of the amount due under the lease agreement. Picciano filed an answer and third-party complaint against SPS and Guzman

alleging breach of contract, violation of the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -20, and legal and equitable fraud. The trial court granted summary judgment on liability to plaintiff on its complaint. The third-party complaint proceeded to a bench trial before Judge Keith E. Lynott.

On March 16, 2017, Judge Lynott issued a comprehensive oral decision in which he found (1) "there was no contractual undertaking by SPS to bear responsibility for the old lease, and, therefore, no cause of action for breach of contract"; (2) "the record is simply barren of evidence of any promises or assurances, let alone a clear and definite promise or assurance that could provide sufficient foundation for an estoppel" claim; and (3) Picciano's "proofs do not establish unlawful conduct falling within the purview of [the CFA]."

Judge Lynott entered final judgment on March 31, 2017 against Picciano in the amount of $10,500, plus costs, and dismissed the third-party complaint. This appeal followed.

On appeal, Picciano renews his arguments that third-party defendants breached their contractual obligation to discharge the TBF agreement, and, if no contractual obligation existed, then third-party defendants were equitably estopped from denying their obligation to satisfy the pre-existing lease as Picciano relied

on their promises to do so. He also asserts the third-party defendants violated the CFA.

"Final determinations made by the trial court sitting in a non-jury case are subject to a limited and well-established scope of review." D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013) (quoting Seidman v. Clifton Sav. Bank, SLA, 205 N.J. 150, 169 (2011)). Although review of legal determinations made by the trial court is de novo, we will not disturb the factual findings of the trial court unless "convinced that they are so manifestly unsupported by[,] or inconsistent with[,] the competent, relevant[,] and reasonably credible evidence as to offend the interests of justice." Ibid. (quoting Seidman, 205 N.J. at 169). Additionally, we defer to the trial court's credibility determinations, because it "'hears the case, sees and observes the witnesses, and hears them testify,' affording it 'a better perspective than a reviewing court in evaluating the veracity of a witness.'" Gnall v. Gnall, 222 N.J. 414, 428 (2015) (quoting Cesare v. Cesare, 154 N.J. 394, 412 (1998)).

With this deferential standard of review in mind, we affirm substantially for the reasons set forth in Judge Lynott's thoughtful and well-reasoned opinion. Picciano did not produce any evidence of an express contractual agreement by SPS to assume responsibility for the TBF agreement. The judge found, while "Dr.

Picciano acknowledged that Mr. Guzman never expressly agreed to assume or otherwise be responsible for settling, resolving, or terminating the old lease; . . . he, at best, assumed this to be the case based on his understanding that the transaction would seamlessly replace[] one lease with another." Picciano's assumptions here, without knowledge and acceptance by Guzman and SPS, are insufficient to create an enforceable contract.

Furthermore, although the parties consummated the lease in a series of written agreements, Picciano never sought to add a provision requiring SPS to assume his remaining obligations under the TBF agreement. Likewise, Picciano provided no evidence of a promise made by SPS upon which he relied to invoke the doctrine of equitable estoppel. Again, Picciano only assumed SPS would undertake his prior lease obligations. Without testimony or evidence that Guzman affirmatively assured Picciano that SPS would assume his obligations under the TBF lease, there is insufficient evidence for a finding of "a clear and definite promise by the promisor." Pop's Cones, Inc. v. Resorts Intern. Hotel, Inc., 307 N.J. Super. 461, 469 (App. Div. 1998).

We are also satisfied plaintiff did not establish a violation of the CFA. The Act permits a private cause of action where a party has suffered an "ascertainable loss of moneys or property" as a result of prohibited conduct. N.J.S.A. 56:8-19; accord

<u>Bosland v. Warnock Dodge, Inc.</u>, 197 N.J. 543, 555-56 (2009).  That conduct includes "the use of unconscionable commercial practices, deception, fraud, and misrepresentations 'in connection with the sale or advertisement of any merchandise.'"  <u>DepoLink Court Reporting & Litig. Support Servs. v. Rochman</u>, 430 N.J. Super. 325, 338 (App. Div. 2013) (quoting N.J.S.A. 56:8-2).

As stated, Picciano failed to demonstrate Guzman misrepresented or falsely promised that SPS would fulfill the remaining obligations under the TBF agreement.  Guzman was unaware of the pre-existing agreement until after the completion of the SPS transaction.  Judge Lynott's findings of facts and conclusions of law are amply supported by the evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3841-16T1